IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JANE DOE, )
)
    Petitioner, )
)
v. )   Civil Action No. 1:20-cv-618 (RDA/IDD)
)
ALEJANDRO MAYORKAS, )
*Secretary of the Department of Homeland* )
*Security, et al.*, )
)
    Respondents. )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Respondents'[1] Motion to Dismiss (Dkt. 32), Petitioner Jane Doe's ("Petitioner") Motion to Proceed Under Pseudonym (Dkt. 2), Motion for Stay or Continuance (Dkt. 38), and Motion for Extension of Time under Federal Rule of Civil Procedure 6(b)(a)(B) to file a Motion in Opposition to Respondents' Motion to Dismiss (Dkt. 40). The Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). Considering the Petition for Writ of Mandamus (Dkt. 1), Respondents' Motion to Dismiss, the Memorandum in Support of the Motion to Dismiss (Dkt. 33), the Brief in Opposition to the Motion to Dismiss (Dkt. 39), and Respondents' Reply in support of the Motion to Dismiss (Dkt. 44), the Court GRANTS Petitioner's Motion to Proceed Under Pseudonym, GRANTS Respondents' Motion to Dismiss, and DENIES as MOOT Petitioner's remaining motions for the reasons stated below.

---

[1] On February 2, 2021, Alejandro Mayorkas became Secretary of the United States Department of Homeland Security. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Mayorkas as the proper named Respondent and the case caption reflects the same.

## I. BACKGROUND

Petitioner, a citizen of the Republic of Korea, has been subjected to removal proceedings before the Arlington Immigration Court in Virginia. Dkt. 1. Proceeding *pro se* in this action, she alleges that Immigration and Customs Enforcement ("ICE") initiated removal proceedings in October of 2010 when the agency issued a notice to appear following Petitioner's arrest and conviction for driving under the influence in Fairfax County, Virginia. *Id.* After ICE brought removal proceedings against her, Petitioner approached the Federal Bureau of Investigation in Manassas, Virginia to offer information about a human trafficking organization that she alleges trafficked her to the United States on May 25, 2005. *Id.* at 3-4. Petitioner also alleges that she has sought several immigration benefits that the agency has denied her.

A parole-in-place application seeks a discretionary determination by the Attorney General of the United States under 8 U.S.C. § 1182(d)(5)(A), a statute affording the Attorney General discretion to "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." *Torres v. Barr*, 976 F.3d 918, 931 (9th Cir. 2020). Petitioner claims that she first filed a parole-in-place application with United States Citizenship and Immigration Services ("USCIS") in 2016. Dkt. 1, 6. The agency later denied this application because Petitioner "had not met the burden of proof." *Id.* She then filed a second parole-in-place application on June 27, 2019, which USCIS denied on the basis that the agency did "not have the authority to issue a parole in place." *Id.* at 7. In her Opposition to Respondents' Motion to Dismiss, Petitioner asserts that she filed a third parole-in-place application with the Washington, D.C. office of Immigrations and Customs Enforcement ("ICE") in July of 2019. Dkt. 43, 3. According to Petitioner, this third parole-in-place application has not been acted upon. *Id.*

On August 15, 2018, Petitioner applied for an immigration status known as a "T-Visa," which takes its name from the section of the Immigration and Nationality Act authorizing that particular benefit. *See* 8 U.S.C. § 1101(a)(15)(T)(i)(I). Designed to protect victims of human trafficking, "T visas offer protection to victims and strengthen the ability of law enforcement agencies to investigate and prosecute human trafficking." USCIS, Victims of Human Trafficking: T Nonimmigrant Status, https://www.uscis.gov/humanitarian/victims-of-human-trafficking-and-other-crimes/victims-of-human-trafficking-t-nonimmigrant-status (last visited June 7, 2021). Petitioner sets forth that after USCIS received her T-Visa application for processing and assigned it an application number, the agency failed to take any additional action on her application since August of 2018. *Id.* at 7. The record does not indicate whether or not the Board of Immigration Appeals ("BIA") has rendered a decision with respect to any part of Petitioner's case.

Petitioner first brought her lawsuit in the United States District Court for the District of Columbia in September of 2019. Dkt. 1. That Court provisionally granted Petitioner's Motion to Proceed Under Pseudonym. Dkt. 3. Because Petitioner resides in Arlington, Virginia, she challenged removal proceedings that began in Virginia, and alleged acts underlying the action occurred in Virginia, Judge Christopher Cooper of the United States District Court for the District of Columbia granted Respondents' motion to transfer venue to this Court on May 21, 2020. Dkt. 28, 2. Judge Cooper's Order stayed Respondents' deadline to submit a responsive pleading. *Id.* Petitioner seeks several forms of relief, including declaratory and injunctive relief, all related to the immigration removal proceedings USCIS initiated against her. *See* Dkt. 1. She also challenges USCIS action under the Administrative Procedure Act ("APA"). On June 22, 2020, Respondents filed their Motion to Dismiss with the notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Dkt. 32. On July 16, 2020, Petitioner filed her Opposition to the Motion to Dismiss,

3

to which Respondents replied on July 20, 2020. Dkt Nos. 43; 44. These matters are now ripe for review.

## II. STANDARD OF REVIEW

A motion brought under Federal Rule of Civil Procedure 12(b)(1) tests a court's subject matter jurisdiction. *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 722 (E.D. Va. 2008). Respondents may attack subject matter jurisdiction by arguing that the complaint "fails to allege facts upon which subject matter jurisdiction may be based," accepting all facts alleged as true, or by arguing "the jurisdictional facts alleged in the complaint are untrue." *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In either case, the burden of proving subject matter jurisdiction falls on the plaintiff. *Zargarpur v. Townsend*, 18 F. Supp. 3d 734, 736 (E.D. Va. 2013).

Mindful that Petitioner is proceeding *pro se*, this Court liberally construes her filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* petitioner of her obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into her advocate. *Green v. Sessions*, No. 1:17–cv–01365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

## III. ANALYSIS

### A. Respondents' Motion to Dismiss

Respondents argue that this Court lacks subject matter jurisdiction over Petitioner's case to the extent her Complaint seeks review of USCIS decisions to deny her parole-in-place applications. Dkt. 33, 6-8. Respondents maintain the Court is precluded from reviewing these discretionary decisions. Petitioner disagrees. Dkt. 39.

1. Judicial Review of Parole-in-Place Applications

The first issue presented in this case is whether the Court may review the decisions USCIS has reached regarding Petitioner's parole-in-place applications. Federal immigration law dictates a result in Respondents' favor. In 8 U.S.C. § 1252(a)(2)(B)(ii), Congress provided that:

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review—*
>
> ****
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion* of the Attorney General or the Secretary of Homeland Security, other than the granting of relief *under section 1158(a)* of this title.

*Id.* (emphasis added). The statutory text leaves no doubt that Congress prohibited the sort of judicial review that Petitioner now seeks when it wrote a jurisdictional bar into the governing statute. "On its face, 1252(a)(2)(B)(ii) bars judicial review of decisions 'specified' to be in the 'discretion' of the Secretary." *Polfliet v. Cuccinelli*, 955 F.3d 377, 381 (4th Cir. 2020). The Court applies this standard to each of the three parole-in-place applications Petitioner cites in her papers.

a. First Parole-in-Place Application

Petitioner argues that her first parole-in-place application should not have been rejected because, per USCIS policy, parole in place "is clearly designed to be a form of immigration relief for the benefit of military veterans and their families." Dkt. 39, 2. Petitioner asserts that USCIS denied her first parole-in-place application "because she 'did not meet the burden of proof'" for this immigration benefit *Id.* On this basis, Petitioner seeks "[f]urther inquiry" in this Court to determine "the burden of proof that had not been met"—including whether she failed to meet that burden due to a USCIS belief that "she had a 'criminal record.'" *Id.* The heart of Petitioner's

5

argument is that USCIS erred when it denied her first parole-in-place application by reaching a discretionary determination that her application did not satisfy the burden of proof.

This Court cannot adjudicate this claim, however, because Congress has stripped federal district courts of jurisdiction to review such discretionary decisions by the Secretary of Homeland Security or the Attorney General. *Polfliet* explains that the statute's "plain language confers discretion upon the Secretary" to revoke or reject parole-in-place applications, which means that judicial review of Petitioner's first application "is barred by § 1252(a)(2)(B)(ii)." 955 F.3d 377, 383 (4th Cir. 2020). Consequently, the Court must dismiss Petitioner's challenge for lack of subject matter jurisdiction.

b. Second Parole-in-Place Application

Petitioner also seeks review of USCIS's denial of her second parole-in-place application. Dkt. 1, 7. She filed this second request on June 27, 2019 and received a letter from USCIS in August of 2019, explaining that the agency "does not have the authority to issue a parole in place" and denying her Form I-131 as the spouse of a retired member of the United States Armed Forces. *Id.* at 7-8. According to Petitioner, that letter also stated that "no appeal is available." *Id.* at 7. Petitioner argues that the letter was purely "a statement that USCIS had determined that the application should have been adjudicated by another agency—presumably ICE." Dkt. 43, 3. Petitioner seeks review pursuant to the APA, arguing that USCIS's action was "arbitrary, capricious, an abuse of discretion, [and] contrary to established law[.]" Dkt. 1, 7. She also alleges that the denial violated her due process rights. *Id.*

Respondents counter that the letter was unquestionably a denial and attach to their Motion to Dismiss a copy of the letter USCIS sent Petitioner in August of 2019. *See* Dkt. 32-2. The Court considers the letter submitted by Respondents under the well-accepted principle that "when a

defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

On its face, the August 14, 2019 letter is a denial. *See* Dkt. 32-2. USCIS twice states specifically that the agency denied Petitioner's parole-in-place application. *Id.* Even accepting Petitioner's submission that the denial was based on USCIS's determination that another entity—ICE—is the proper arbiter of her parole-in-place application, that fact does not confer subject matter jurisdiction on this Court to review USCIS's denial. The August 14, 2019 letter also suggests, however, that Petitioner may still be entitled to another immigration hearing. *See* Dkt. 32-2. Should Petitioner receive a final adverse decision in an immigration proceeding with respect to her parole-in-place application, she might *then* theoretically be able to properly bring an APA claim in this Court. Although the Court cannot pass on the merits of such a hypothetical case challenging agency action, the Court might then have some basis for subject matter jurisdiction at that stage. *Cf. LeBlanc v. Holder*, 784 F.3d 206, 209 (4th Cir. 2015) (citing 5 U.S.C. § 702) ("Relief from an adverse BIA action on an I–130 petition may lie in the district court under the [APA], which provides a right of action for an individual 'suffering legal wrong because of agency action.'"). In this case, though, there appears to be no BIA determination to review. Thus, the Court lacks subject matter jurisdiction to review Petitioner's second parole-in-place application.

c. Third Parole-in-Place Application

In her Opposition, Petitioner raises—for the first time—an argument related to a third parole-in-place application. Dkt. 43, 3. She argues that although she submitted this third

7

application to ICE in July of 2019, the agency has not acted upon the application. *Id.* Petitioner also alleges that she has received confirmation that her application was delivered to ICE's Washington, D.C. field office and that she has submitted two follow-up letters that have gone unanswered. *Id.*

Although Petitioner correctly notes that under certain circumstances an agency's failure to act may constitute "agency action" under the APA, *see City of New York v. United States Dep't of Def.*, 913 F.3d 423, 431 (4th Cir. 2019) (citing 5 U.S.C. § 551(13)), the Court cannot adjudicate the merits of her claim based on her third parole-in-place application for another reason; the claim appears nowhere in her Petition. *See generally* Dkt. 1. This Court cannot entertain this new argument Petitioner asserts for the first time in her Opposition because "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss[.]" *Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 472 (E.D. Va. 2015). The rule is the same in cases, like this one, in which a plaintiff proceeds *pro se*. *See Nedrick v. Southside Reg'l Med. Ctr.*, No. 3:19-cv-202, 2020 WL 534052, at *3 (E.D. Va. Feb. 3, 2020) (applying rule to *pro se* plaintiff's opposition to a motion to dismiss). For this reason, the Court declines to consider the merits of Petitioner's claim for relief as to her third parole-in-place application at this time.

2. Judicial Review of T-Visa

Petitioner submitted an application for a T-Visa on August 15, 2018 and contends that USCIS has not taken any further action on the application. Dkt. 1, 10-11. Respondents counter that USCIS adjudicated Petitioner's T-Visa application on February 4, 2020, concluding that any claim to compel such adjudication is now moot. Dkt. 33, 8-9; *see also Gonzalez v. Zannotti*, 585 F. App'x 130 (4th Cir. 2014) (affirming district court's denial of mandamus petition as moot where

USCIS "had already administratively closed and dismissed the application"). Because "mootness goes to the heart of the Article III jurisdiction of the courts," whether a case presents "a live case or controversy" is critical to establishing subject matter jurisdiction. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). Where subject matter jurisdiction is lacking, a court may not resolve a claim for relief on the merits. Petitioner's application for a T-Visa has been resolved by USCIS. The Court therefore lacks subject matter jurisdiction over the claim and denies this portion of the Petition as moot.

### 3. Collateral Challenges to Removal Proceedings

Petitioner also brings several collateral challenges to her removal proceedings, arguing that under *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018), the notice to appear she received is defective.[2] She also claims to be *prima facie* ineligible for removal under 8 U.S.C. § 1229(b). Here, too, the Court lacks jurisdiction under 8 U.S.C. § 1252(g) to review those collateral attacks on her removal.

Congress has stripped federal district courts of any jurisdiction to review collateral attacks on her removal. *See Ashqar v. Hott*, No. 1:19-cv-716, 2019 WL 2712276, at *3 (E.D. Va. June 5, 2019) ("Congress has made clear that federal courts have no jurisdiction over any claim or cause arising from the Attorney General's decision in commencing proceedings, adjudicating cases, or executing removal orders."). And because Petitioner does not challenge her removal proceedings

---

[2] After briefing in this matter concluded, the Supreme Court decided *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which resolved a post-*Pereira* circuit split regarding defective notices to appear. Under *Nix-Chavez*, "[t]o trigger the stop-time rule, the government must serve 'a' notice containing all the information Congress has specified." *Id.* A notice to appear must be "'a' single document containing the required information, not a mishmash of pieces with some assembly required." *Id.* Although this holding may indeed be relevant to the merits of Petitioner's argument regarding the allegedly defective notice of removal she received, this Court is not the forum that may apply the holding of *Nix-Chavez* to Petitioner's claim for the reasons the Court has outlined.

9

through a petition for a writ of habeas corpus, a rare exception to the rule of un-reviewability of removal proceedings in federal district courts is not implicated. *See Joshua M. v. Barr*, 439 F. Supp. 3d 632, 668 (E.D. Va. 2020) (noting that district courts have "limited" "ability to review *habeas petitions* challenging removal orders") (emphasis added).

Instead, Congress has outlined an alternative path for Article III review of such claims: After the Board of Immigration Appeals decides whether to uphold an immigration judge's ruling, a petitioner must directly appeal the BIA decision in one of the federal courts of appeal. *See, e.g., Igwebuike v. Caterisano*, 230 F. App'x 278, 281 (4th Cir. 2007) (noting that federal immigration law makes "a petition for review filed in a federal court of appeals the 'sole and exclusive means for judicial review' for most orders of removal"); *Hatami v. Chertoff*, 467 F. Supp. 2d 637, 641 (E.D. Va. 2006) ("[R]eview of a formal order of removal rests solely in the courts of appeals.").

Consequently, this Court cannot resolve Petitioners' claims seeking cancellation of removal or challenging a purportedly defective notice to appear.

### B. Petitioner's Motion to Proceed Under Pseudonym

When this action was first assigned to the United States District Court for the District of Columbia, the Chief Judge of that court provisionally granted Petitioner's Motion to Proceed Under Pseudonym "subject to any further consideration by the United States District Judge to whom this case is randomly assigned." Dkt. 3, 1. Petitioner sought to proceed under pseudonym and requested that the Court redact certain identifying information but does not appear to have asked the transferor court to seal the entire action. Respondents have challenged Petitioner's motion to the extent it has resulted in the sealing of this case in its entirety. *See* Dkt. 41.

Petitioner may continue to proceed pseudonymously, but there is no justification under the common law, the First Amendment, or Local Civil Rule 5(C) for maintaining every docket entry,

or the case itself, under seal. *See Rushford v. New Yorker Magazine, Inc.*, 846, F.2d 249, 253 (4th Cir. 1988); Loc. Civ. R. 5(C). The following docket entries shall remain under seal: Dkt. Nos. 2; 17; 24-1; 26-1; 31-1; 31-2; 31-3; 31-4; 31-5; and 31-6. Except as to the redactions of Petitioner's identity that are identified in Respondents' Motion at Dkt. Nos. 41-1 and 41-2, which pertain to Dkt. Nos. 21; 24; 25; 31; 32; 32-7; 33; 34; 35; and 36, all other docket entries shall be unsealed.

### C. Petitioner's Remaining Motions

In light of the Court's dismissal of the Petition for Writ of Mandamus, Petitioner's Motion for Stay or Continuance and Motion for Extension of Time under Federal Rule of Civil Procedure 6(b)(a)(B) to file a Motion in Opposition to Respondents' Motion to Dismiss are now moot. *See* Dkt Nos. 38; 40. Therefore, those motions are also denied.

### IV. CONCLUSION

For these reasons, this Court lacks subject matter jurisdiction over the Petition for Writ of Mandamus. Accordingly, Respondents' Motion to Dismiss (Dkt. 32) is GRANTED, and the Petition is hereby DISMISSED WITHOUT PREJUDICE. Because amendment would not be futile, the Court grants Petitioner leave to file an Amended Petition within 30 days as to her third parole-in-place application if she chooses. *See* Fed. R. Civ. P. 15(a); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); and

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed Under Pseudonym (Dkt. 2) is GRANTED; and

IT IS FURTHER ORDERED that this action shall be unsealed by the Clerk except as to the following docket entries, which shall remain under seal until further order of the Court: Dkt Nos. 2, 17, 24-1, 26-1, 31-1, 31-2, 31-3, 31-4, 31-5, and 31-6. The Clerk is directed to substitute the following docket entries for the proposed redacted versions of the documents at Dkt Nos. 41-

11

1 and 41-2, which Respondents have submitted and the Court accepts as sufficiently protective of Petitioner's identity and personal circumstances: Dkt. Nos. 21, 24, 25, 31, 32, 32-7, 33, 34, 35, and 36; and

IT IS FURTHER ORDERED that Petitioner's Motion for Stay or Continuance (Dkt. 38) is DENIED AS MOOT; and

IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time under Federal Rule of Civil Procedure 6(b)(a)(B) to file a Motion in Opposition to Respondents' Motion to Dismiss is DENIED AS MOOT; and

IT IS FURTHER ORDERED that the docket and case caption reflect that Kevin McAleenan and Chad Wolf have been substituted for Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, as the proper named Respondent pursuant to Federal Rule of Civil Procedure 25(d).

To appeal this decision, Petitioner must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Petitioner's right to appeal this decision.

It is SO ORDERED.

Alexandria, Virginia
June 7, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge